# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TRAVIS EADES, #299117,  ) | CIVIL ACTION NO. 9:08-1955-PMD-BM |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | |
| ) | |
| WARDEN of TYGER RIVER  ) | **REPORT AND RECOMMENDATION** |
| CORRECTIONAL INSTITUTION;  ) | |
| and STATE OF SOUTH  ) | |
| CAROLINA,  ) | |
| ) | |
| Respondents.  ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on May 19, 2008.[1]

The Respondents filed a return and motion for summary judgment on October 20, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 21, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on October 30, 2008.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in 2003 in Anderson County for three counts of Felony Driving under the Influence ("Felony DUI") [Indictment Nos. 03-GS-04-1924, 03-GS-04-1925, and 03-GS-04-1926]. (R.pp. 184-187).[3] Petitioner was represented by Bill Godfrey, Esquire, and on January 12, 2004, pled guilty to the charges pursuant to a negotiated plea. (R.pp. 1-28). The trial judge sentenced Petitioner to a term of imprisonment of fifteen (15) years for each count of Felony DUI with each sentence to be served concurrent. (R.pp. 27-28). Petitioner did not appeal his conviction or sentence.          On June 3, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Eades v. State of South Carolina, No. 04-CP-04-1769; (R.pp. 30-35). Petitioner raised the following issues in his APCR:

> **Ground One**: Ineffective Assistance of Counsel; Plea not knowingly, intelligently, voluntarily entered.
> **Supporting Grounds:** Counsel misrepresented to applicant that weight of evidence was against applicant and that applicant had no legal defense to the charges.
>
> **Ground Two**: Ineffective Assistance of Counsel; Plea not knowingly, intelligently, voluntarily entered.
> **Supporting Grounds**: Counsel failed to inform applicant that there were witnesses as well as physical evidence which supported applicant's innocence to the charged offenses.
>
> **Ground Three**: Ineffective Assistance of Counsel.
> **Supporting Grounds**: Counsel failed to adequately investigate case, question or interview witnesses, and/or prepare a possible defense for the applicant prior to plea advice.

(R.pp. 31-32).

Petitioner thereafter amended his APCR on or about June 15, 2006, to assert the following issues: 1) The Petitioner's conviction, sentence and custody are in violation of the

---

[3]A copy of only Indictment No. 04-1926 is provided in the record, although the other two indictments are referenced on Record page 186. See also, (R.p. 2).

2



Constitution and laws of the United States and were obtained through a violation of Petitioner's Sixth and Fourteenth Amendment Rights to the effective assistance of counsel, in that counsel failed to conduct an adequate investigation of the facts underlying the charged offenses of felony DUI resulting in death; and 2) Petitioner's guilty plea was rendered unknowing and involuntary because the Petitioner was denied his Sixth and Fourteenth Amendment Rights to the effective assistance of counsel. (R.pp. 41-49).[4]

Petitioner was represented in his APCR by Victor McDade, Esquire, and an evidentiary hearing was held on Petitioner's application on February 27, 2007. (R.pp. 50-113). On April 19, 2007 (filed April 23, 2007), the PCR judge entered an order denying Petitioner's APCR in its entirety. (R.pp. 172-183).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by Robert M. Pachak, Appellate Defender for the South Carolina Commission on Indigent Defense, who filed a Johnson[5] brief seeking to be relieved and raising the following issue:

Whether Petitioner's guilty plea was entered voluntarily and intelligently?

See Respondents' Exhibit Two, p. 2.

Petitioner also filed a pro se brief in support of his appeal. See Respondents' Exhibit Five.

On March 5, 2008, the South Carolina Supreme Court granted counsel's request to be relieved and denied the petition. See Respondents' Exhibit Six. The Remittitur was issued on March 21, 2008. See Respondents' Exhibit Seven.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner

---

[4] These issues are numbers "II" and "III" in the amended petition. Number "I" is the introduction.

[5] Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



3

raises the following ground:

> **Ground One:** Ineffective assistance of counsel. Attorney did not show or tell of evidence in my favor for my defense.
>
> **Ground Two:** Involuntary guilty plea. Attorney did not show or tell of evidence in my favor for my defense.
>
> **Ground Three:** The 14th Amendment Due Process Clause and the 6th Amendment right to Counsel Clause.

See Petition, pp. 6-9.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that his counsel was ineffective because he did not show or tell the Petitioner of evidence in his favor for his defense, including the following alleged evidence: 1) PCR transcript testimony by Bill Godfrey; 2) DNA on passenger side air bag belonging to the Petitioner; 3) six witness statements that Petitioner exited the passenger side

4



of the vehicle following the accident; 4) police, investigative, and highway patrol reports concluding that the other occupant of the vehicle, Chris Jones, was driving at the time of the accident; 5) Petitioner's Blood Alcohol Level ("BAL") was .06 and no drugs were found; 6) Chris Jones' BAL was .16 and drugs were found in blood; 7) Chris Jones' statement; 8) the intervening cause of the accident; and 9) PCR transcript testimony by Petitioner. See Petition, p. 6. Petitioner contends that this undisclosed evidence shows that Chris Jones was driving the car, rather than the Petitioner, and that he would not have pled guilty if he had known about this evidence. In Grounds Two and Three of the Petition, Petitioner contends that his plea was involuntary, and that his rights were violated under the 14th Amendment Due Process Clause and the 6th Amendment Right to Counsel Clause because of this same alleged evidence. Accordingly, all three grounds asserted in the Petition are related.

      Petitioner raised the issue of ineffective assistance of counsel and resulting involuntary guilty plea in his APCR, where he had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Eades v. South Carolina, No. 04-CP-04-1769. Specifically, the PCR judge found that: 1) Petitioner's testimony was not entirely credible, while Godfrey's testimony was credible; 2) Petitioner failed to carry his burden in that he had neither shown that counsel was unreasonably deficient in his representation of Petitioner, nor that he wad prejudiced by counsel's representation; 3) Petitioner's guilty plea was freely, knowingly, and voluntarily entered; 4) Petitioner admitted to counsel that he was the driver at the time of the accident; 5) Petitioner informed the plea judge that he was guilty of the charges; 6) Petitioner was present in the courtroom and heard the Assistant Attorney General present the State's facts to the



5

judge; 7) Petitioner specifically stated, after the judge asked him if there were any facts he disagreed with, "No sir, I agree with all the facts."; 8) Petitioner also told the Court that he had consumed approximately half a bottle of gin prior to getting behind the wheel; 9) inasmuch as the facts support Petitioner's admission of guilt, the Court did not find sufficient reason to depart from the guilty plea; 10) there was a substantial factual basis for this plea and a substantial likelihood that Petitioner would have been found guilty had the case proceeded to trial; 11) even if Petitioner now denies that he was the driver of the truck at the time of the accident, by Petitioner's own admission, he freely chose to plead guilty as part of a beneficial plea; 12) pleading guilty to avoid a possibly greater sentence after a trial, where all of the facts would be fully developed, does not by itself render a guilty plea involuntary; 13) Petitioner's claim that his counsel did not properly investigate his case and prepare for trial is without merit; 14) Godfrey conducted a reasonably thorough investigation and was familiar with the important facts of the case; 15) Godfrey testified that he reviewed witness statements and other discovery, conducted his own "tests" of the accuracy of certain facts, studied DNA evidence, and met with Petitioner on at least three occasions; 16) Godfrey testified that he discussed the discovery with Petitioner; 17) While Godfrey admitted that, due to health issues, he did not have the time he would have liked to prepare for this case, he nonetheless was prepared to represent Petitioner at trial, if Petitioner so desired, and was prepared to represent Petitioner at the guilty plea; 18) Petitioner testified that if he had known about several witness statements and alleged DNA evidence found on the passenger side air bag of the truck, he would not have pled guilty and would have proceeded to trial; 19) a review of the guilty plea transcript strongly suggested otherwise; 20) at the guilty plea, Petitioner, of his own free will, stated to the Court and to the victims' families that: " . . . every night when I lay my head down, I can't forgive myself for what I did. It's hard for me to just go on. Sometimes I want to kill myself. I want to tell you I'm so sorry. I apologize. I'm



sorry. It was an accident. If I could trade my life for theirs, I would. I'm so sorry for this."; 21) the Petitioner would have likely pled guilty in any event because he knew he was guilty, as he specifically stated in the colloquy with the plea Court – when the Court asked, "Are you guilty?" Petitioner responded, "Yes, sir." 22) in addition, Godfrey testified that he did in fact discuss the witness statements with Petitioner; 23) even if he had not discussed the statements with Petitioner, such statements were, in any event, inconclusive as to who was actually driving the vehicle at the time of the accident; 24) therefore, even assuming that Petitioner was unaware of the witness statements at the time of his plea, this fact would have so prejudiced the Petitioner that he is entitled to post-conviction relief on this issue; 25) Godfrey also testified that he did go over the unfavorable DNA evidence, namely, the windshield starburst on the driver's side containing Petitioner's blood, with Petitioner prior to the plea, 26) Godfrey's testimony was more believable than that of the Petitioner; 27) the starburst DNA evidence was apparently such strong evidence that it prompted the Solicitor to prosecute Petitioner rather than Jones, even though it was over three years after the accident and it created a conflict of interest with the Solicitor's office; 28) although Petitioner alleged that DNA evidence exists which places his blood on the passenger side air bag of the truck, no DNA evidence was introduced into the record; 29) even if it had been introduced, the starburst evidence from the driver's side certainly predominates, and evidence of other blood in the truck would be at best ambiguous; 30) Petitioner's argument on this ground is without merit; 31) the transcript also reflects that the State was prepared to call a SLED agent who would testify that, with a BAL of .06 at the time of the blood test, some three hours after the accident, Petitioner's intoxication level would have been over the legal limit at the time of the accident; 32) Petitioner introduced no evidence to show that his BAL level was not above the legal limit at the time of the collision; 33) Godfrey discussed the possible defense of "intervening cause" with Petitioner prior to the plea; 34) Godfrey

7



entered into plea negotiations on Petitioner's behalf and attempted to use "intervening cause" as leverage for a more lenient sentence recommendation; 35) Godfrey was forthright about this defense's applicability to the situation, and he informed Petitioner of the risks of going to trial and the likelihood of his being found guilty at trial; 36) a jury could have easily found, based upon the evidence in the Multi-Disciplinary Accident Investigation Team ("M.A.I.T.") report regarding the speed of the vehicles, that had the truck not been speeding, the accident would not have occurred; 37) ultimately, Petitioner, upon advice of counsel, made the decision to accept the plea offer in order to receive the benefit of a fifteen (15) year concurrent sentence recommendation on all three charges; 38) furthermore, Petitioner stated at his plea that he was not coerced into pleading guilty, was pleading guilty of his own free will and accord, and had enough time to make his decision to plead guilty; 39) when asked if he was satisfied with the services of his attorney, he stated, "I'm satisfied. Yes, sir."; 40) Petitioner went on to say that his attorney had done everything that he asked him to do, and that he had no complaints about his attorney, "none whatsoever."; 41) the brevity of time spent in consultation, without more, does not establish that counsel was ineffective; 42) Petitioner failed to prove that anything counsel failed to discover would have caused him to proceed to trial instead of pleading guilty; 43) Godfrey was not ill-prepared nor did he fail to conduct an investigation of the charges against the Petitioner; 44) in any event, failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result; 45) Petitioner failed to show that there was anything relevant to investigate, but more importantly he failed to show that he was prejudiced by any investigation or lack thereof on the part of his counsel; 46) counsel's representation was within the requisite standards for criminal defense attorneys in the State of South Carolina; and 47) even assuming Petitioner had shown a deficiency, this Court does not find Petitioner has proven sufficient



prejudice. (R.pp. 178-183).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was

9



based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified at the PCR hearing that, at the time of the accident, he was too drunk to drive so he let Jones drive his car. (R.p. 62). Petitioner also testified that he exited the car from the passenger side after the accident, and that since he is white and Jones is black, it would be difficult for someone to confuse their identities. (R.pp. 63-64). Petitioner also testified that after the accident, Jones admitted he was driving and was arrested, and that he [Petitioner] was not arrested



10

until three and half (3 ½ years) later. (R.pp. 64-65). Petitioner testified that he only met with counsel three times - one time when he retained him to discuss the fee, one time at his bond hearing, and one time about a week before Petitioner pled guilty, and that they did not discuss the evidence at the first two meetings. (R.pp. 65-66). When they met at the jail prior to his guilty plea, Petitioner stated that counsel told him that they had one witness for him and that the State had D.N.A. evidence against him. (R.p. 67). Petitioner testified that after his guilty plea, he filed a complaint against his counsel and was able to obtain his discovery file, and that was when he discovered that his blood was found on the passenger's side air bag in the truck, and that two witnesses, who came up to the scene immediately after the accident, had given statements that they had seen a black guy getting out of the driver's side. (R.pp. 68-70, 116-117). Petitioner also testified that he was not aware of the results of his Blood Alcohol Test or Jones' results at the time of his plea. (R.p. 71). Petitioner further testified that he was not aware of an Anderson County Detention Center intake form which indicated that Jones had a laceration on his head. (R.p. 73). When asked why he told the plea judge that he was guilty if he was not, Petitioner testified that he felt like he had no choice; (R.p. 77); that he wanted to get the benefit of the fifteen (15) year negotiated sentence verses the potential thirty (30) years he was facing. (R.p. 79).

However, Petitioner's counsel testified at the PCR hearing that when he met with Petitioner, he discussed the D.U.I. law with the Petitioner, discussed the intervening event argument and its potential problems (including the accident reconstruction showing that the victim's vehicle could have cleared the intersection if the Petitioner's truck had been going the proper rate of speed), and that he had Petitioner's discovery file with him when he met with Petitioner and asked Petitioner if he wanted him to go over it with him line by line and word by word. (R.pp. 82-85). Counsel testified that Petitioner responded he "just wanted to talk about what the deal was and what I thought



11

his chances would be at trial." (R.p. 85). Counsel testified that they discussed potential problems with the case and sentencing issues (including that after this incident occurred, Petitioner was convicted of a D.U.I.), and that they were in a bad posture for trial unless they could convince a jury that Jones was the driver. (R.p. 85). Counsel further testified that he and Petitioner discussed the DNA evidence showing Petitioner had been on the driver's side and how to account for it being there, and that ultimately Petitioner told him that he was driving the vehicle. (R.pp. 86-87). Although it was only admitted for counsel's knowledge, not for the truth of the matter asserted, counsel testified that he was informed that the passenger door was jammed and would not open, which would account for why counsel did not investigate further the statements about Jones exiting the vehicle from the driver's side. (R.pp. 88-90). Counsel stated that the most damaging evidence was the starburst on the windshield over the driver's side that had Petitioner's DNA on it. (R.p. 95).

The PCR court found trial counsel's testimony more credible than the testimony of the Petitioner, that counsel adequately investigated the case and performed within the required standards for a criminal defense attorney, and that Petitioner made the decision to accept the plea offer to receive the benefit of the negotiated plea. There is no basis in the record or the applicable caselaw to overturn the findings of the state court. Evans, 220 F.3d at 312. The United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The record reflects that Petitioner affirmed to the judge at his guilty plea that he understood that he was pleading guilty to three counts of Felony DUI with a negotiated sentence of fifteen (15) years,



12

concurrent, on the charges, that he understood the charges and that he could get substantially more time without the plea deal, and that he wanted to plead guilty, that it was his decision, that he was pleading of his own free will, and that he understood the pleas. (R.pp. 5-9). The record reflects that the Solicitor also agreed to drop three reckless homicide charges against the Petitioner. (R.p. 6). Petitioner testified that he was guilty of the crime, that no one had made any promises other than the recommendation by the State of fifteen (15) years, or threatened him in order to get him to plead guilty, that he had had enough time to discuss matters with his attorney, that he had told his counsel everything that he needed to tell him about the case, that counsel had done everything that he expected of him, that he was satisfied with his counsel, and that he had no complaints about counsel "none whatsoever." (R.pp. 9-10).

The Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear



13

and convincing evidence].

Petitioner's claims as set forth in Grounds One, Two and Three of his Petition are without merit and should be dismissed.

## II.

Finally, Petitioner also argues in his filings that the indictments were faulty because he was charged with Felony DUI even though his BAL was not over the legal limit.[6] Petitioner did not raise this issue before the trial court; accordingly, this issue was not preserved as a freestanding issue for direct appeal. Cf. State v. Bradley, 209 S.E.2d 435, 436 (S.C. 1974)[Failure of defendant to assert in trial court that his guilty plea was involuntarily entered precluded consideration of such claim on appeal]. Petitioner also did not file a direct appeal, so he did not even attempt to present this issue in a direct appeal, nor did he raise it as an ineffective assistance of counsel claim in his APCR.

Since Petitioner did not preserve this claim at his plea and did not raise this issue as an ineffective assistance of counsel claim in his APCR, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; State v. Johnston, 510 S.E.2d 423, 424 (S.C. 1999)[issue not preserved at trial cannot be raised for the first time on direct appeal]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted.

---

[6]Although Petitioner did not set forth this issue as a separate ground in his Petition, he did address it in his supporting attachments, the Respondents addressed it, and the Petitioner also referenced it in his memorandum in opposition to summary judgment. Therefore, out of an abundance of caution, the undersigned has addressed this issue hereinabove.

14



Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not pursued by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In his reply, Petitioner contends that his trial counsel was ineffective for failing to inform him that the Felony DUI charges were faulty indictments. A defendant who pleads guilty upon the advice of counsel can attack the voluntary or intelligent character of his plea by alleging ineffective assistance of counsel; Richardson v. State, 426 S.E.2d 795, 797 (S.C. 1993)(citing Hill



15

v. Lockhart, 474 U.S. at 56 ); and claims of ineffective assistance of counsel can be raised in PCR. State v. Kornahrens, 350 S.E.2d 180, 184 (S.C. 1986).  However, a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented ineffective assistance of counsel claim to the state court for adjudication].  As previously noted, Petitioner did not present this claim of ineffective assistance of counsel to the PCR court or pursue it in his PCR appeal. Therefore, it cannot be used as cause for his procedural default of this claim. Tome v. Stickman, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).  Accordingly, Petitioner has failed to show cause for his procedural default on this issue.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

      Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered. see, Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159



16

[a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999).  He has failed to do so.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed.  See 28 U.S.C. § 2254.

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 12, 2009

Charleston, SC



17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

