# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TRAVIS EADES, #299117 ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 9:08-cv-1955-PMD-BM |
| v. ) | |
| ) | |
| WARDEN of TYGER RIVER ) | **ORDER** |
| CORRECTIONAL INSTITUTION; ) | |
| and STATE OF SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter is before the court on Petitioner Travis Eades's *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on May 19, 2008.[1] On October 20, 2008, Respondents filed a Motion for Summary Judgment. On June 12, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Respondents' Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed. Petitioner filed an Objection to the R&R on June 16, 2009. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently confined at the Livesay Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted in 2003 in Anderson County for three counts of Felony Driving under the Influence - Death Results ("Felony DUI").

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-276 (1988).

(R. pp. 184-187). Petitioner was represented by Bill Godfrey, Esquire, and on January 12, 2004, pled guilty to the charges pursuant to a negotiated plea. (R. pp. 1-28). Pursuant to the plea negotiations, the trial judge sentenced Petitioner to a term of imprisonment of fifteen (15) years for each count of Felony DUI with each sentence to be served concurrently. (R. pp. 27-28). Petitioner did not appeal his conviction or sentence.

On June 3, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. *Eades v. State of South Carolina*, No. 04-CP-04-1769; (R. pp. 30-35). Specifically, the Petitioner listed several grounds for relief, which are listed verbatim as follows:

> **Ground One:** Ineffective Assistance of Counsel; Plea not knowingly, intelligently, voluntarily entered.
> **Supporting Grounds:** Counsel misrepresented to applicant that weight of evidence was against applicant and that applicant had no legal defense to charges.
>
> **Ground Two:** Ineffective Assistance of Counsel; Plea not knowingly intelligently, voluntarily entered.
> **Supporting Grounds:** Counsel failed to inform applicant that there were witnesses as well as physical evidence which supported applicant's innocence to the charged offenses.
>
> **Ground Three:** Ineffective Assistance of Counsel.
> **Supporting Grounds:** Counsel failed to adequately investigate case, question or interview witnesses, and/or prepare a possible defense for the applicant prior to plea advice.

(R. pp. 31-32).

Petitioner thereafter amended his PCR on June 15, 2006, to assert the following issues: (1) The Petitioner's conviction, sentence and custody are in violation of the constitution and laws of the United States and were obtained through a violation of Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel, in that counsel failed to conduct an adequate investigation of the facts underlying the charged offenses of felony DUI resulting in death; and (2) Petitioner's guilty plea was rendered unknowing and involuntary because the

petitioner was denied his sixth and fourteenth amendment rights to the effective assistance of counsel. (R. pp. 41-49).

Petitioner was represented in his PCR by Victor McDade, Esquire, and an evidentiary hearing was held on Petitioner's application on February 27, 2007. (R. pp. 50-113). On April 19, 2007 (filed April 23, 2007), the PCR judge entered an order denying Petitioner's APCR in its entirety. (R. pp. 172-183).

Petitioner timely filed a notice of appeal. Petitioner was represented by Robert M. Pachak, Appellate Defender for the South Carolina Commission on Indigent Defense, who filed a *Johnson*[2] Petition requesting to be relieved from the case and raising the issue of whether the Petitioner's guilty plea was entered voluntarily and intelligently. Pursuant to state procedure, Petitioner also filed a *pro se* brief in support of his appeal.

On March 5, 2008, the South Carolina Supreme Court granted counsel's request to be relieved, denied the petition, and issued the Remittitur on March 21, 2008.

Petitioner filed his *pro se* habeas petition on May 19, 2008, which asserted the following grounds for relief:

> (1) Ineffective assistance of counsel. Attorney did not show or tell of evidence in my favor for my defense;
>
> (2) Involuntary guilty plea. Attorney did not show or tell of evidence in my favor for my defense; and,
>
> (3) The 14th Amendment Due Process Clause and the 6th Amendment right to Counsel Clause.

Petitioner also alleges, in his June 17, 2008 memorandum in support of his petition, that the Felony DUI indictments were faulty because Petitioner's blood alcohol level of 0.06 was below the legal limit.

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1998); see also *Anders v. California*, 368 U.S. 738, 744 (1967).

Respondent moved for Summary Judgment on October 20, 2008. The Magistrate Judge recommended to this Court that Respondents' Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed.

## STANDARD OF REVIEW

A.  **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

B.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the

R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

### I. Section 2254 Petitions

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

### II. Petitioner's Claims of Ineffective Assistance of Counsel and Involuntary Plea

The three grounds presented in Petitioner's habeas petition are interrelated in that Petitioner claims that his attorney's failure to communicate favorable evidence to the Petitioner resulted in Petitioner involuntarily entering a guilty plea in violation of his rights under the 14th Amendment Due Process Clause and the 6th Amendment Right to Counsel Clause.

In Ground One of his Petition, Petitioner contends that his counsel, Bill Godfrey, was ineffective because he did not show or tell the Petitioner of evidence favorable to his defense.

The alleged evidence includes: (1) PCR transcript testimony by Bill Godfrey; (2) DNA evidence on passenger side air bag belonging to Petitioner; (3) six witness statements saying that Petitioner exited the passenger side; (4) police, investigative, and highway patrol reports concluding that the other occupant of the vehicle, Chris Jones, was driving at the time of the accident; (5) Petitioner's blood alcohol level ("BAL") was 0.06 and no drugs were found in his blood; (6) Chris Jones' BAL was 0.16 and drugs were found in his blood; (7) Chris Jones' statement; (8) the intervening cause of the accident; and (9) PCR transcript testimony by Petitioner. (Petition, p. 6.) Petitioner contends that this undisclosed evidence shows that Chris Jones was driving the car, rather than the Petitioner, and that he would not have pled guilty had he known about this evidence.

In Grounds Two and Three of the Petition, Petitioner contends that this undisclosed evidence resulted in an involuntary plea and that his rights were violated under the 6th and 14th Amendments.

### A. Ineffective Assistance of Counsel

Petitioner previously raised the issue of ineffective assistance of counsel and resulting involuntary guilty plea in his APCR, where he had the burden of proving the allegations of ineffective assistance of counsel. *Butler v. State*, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law. The findings of the PCR judge are enumerated in the Magistrate Judge's R&R and are incorporated by reference herein. (Report and Recommendation pp. 5-9; R. pp. 178-183). As Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of

review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 120 S.Ct. 1495 (2000).

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to satisfy the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

After reviewing the entirety of the record, the court finds that Petitioner has failed to carry his burden of showing that trial counsel was ineffective under this standard.

Petitioner essentially argues that his counsel was ineffective because counsel allegedly neglected to inform him of evidence that existed in his favor. At the PCR hearing, both Petitioner and his attorney, Bill Godfrey, testified about their interactions with one another. Petitioner testified that, at the time of the accident, he was too drunk to drive so he let Jones drive his car. (R. p. 62). Petitioner testified that he exited the car from the passenger side after the accident, and that since he is white and Jones is black, it would be difficult for someone to confuse their identities. (R. pp. 63-64). Petitioner also testified that after the accident, Jones admitted he was

7

driving and was arrested, and that he [Petitioner] was not arrested until three and one-half (3 ½) years later. (R. pp. 64-65). Petitioner testified that he only met with counsel on three occasions—when Petitioner originally hired counsel, at Petitioner's bond hearing, and a week before entering his plea. (R. pp. 65-66). He testified that evidence was not discussed at the initial meeting or at the bond hearing. (R. p. 66). Petitioner testified that counsel brought an evidence file to the third meeting at the Anderson County jail, but only mentioned the existence of one witness in favor of Petitioner and that DNA evidence existed against Petitioner. (R. pp. 66-67). He testified that counsel did not go into detail about the witness's statement and that counsel refused to allow Petitioner to look through the discovery file. (R. pp. 67). Petitioner mentioned that Godfrey left him no other choice but to plead guilty. (*Id*). Petitioner testified he had no specific knowledge of the DNA evidence against him or of the DNA evidence that was found on the passenger side of the car. (R. pp. 68-69). Petitioner went on to testify that he was unaware of (1) the other witness statements that were made; (2) the statement by the investigating officer, Trooper Dickard; (3) Petitioner's BAL; (4) Chris Jones' BAL; (5) medical records indicating Chris Jones was the driver; (6) detention center intake forms indicating a laceration on Chris Jones' head; (7) Greenville Hospital records indicating Petitioner was the passenger and sustained no head injury; or (8) the highway patrol M.A.I.T. investigation. (R. pp. 69-74). Petitioner testified that the final meeting with Mr. Godfrey lasted about an hour and that Mr. Godfrey only spoke of a plea bargain. *Id.* During Petitioner's guilty plea proceedings, Petitioner testified that he was satisfied with the services of his attorney, Mr. Godfrey, and had no complaints against him. (R. pp. 9-10). When asked why he told the plea judge that he was guilty if he was not, Petitioner testified that he felt like he had no choice and that he wanted to get the

8

benefit of the fifteen (15) year negotiated sentence verses the potential thirty (30) years he was facing. (R. pp. 77, 79).

On the other hand, Petitioner's counsel, Mr. Godfrey, testified that he had met with Petitioner on at least three occasions. (R. p. 81). Counsel testified that he explained to Petitioner the relevant DUI law, specifically that it is a felony to operate a vehicle under the influence of alcohol or drugs and to proximately cause great bodily injury or death to another person as a result of driving. (R. pp. 82-83). Godfrey testified that he told Petitioner about a previous case he had where he argued intervening cause and that the defense may apply to Petitioner's situation. (R. p. 84). He indicated that he brought the discovery file to the jail for the third meeting and asked Petitioner if he wanted to go through it "line by line and word by word." (*Id.*). He testified that Petitioner did not want Godfrey to go through everything and indicated he only wanted to talk about what the deal was and what his chances would be at trial. (R. pp. 84-85). Mr. Godfrey indicated that he told Petitioner that from a trial standpoint, Petitioner was in a "very bad posture" and that the only way to win would have been to convince the jury that Chris Jones was the driver. (R. p. 85). He testified that he asked Petitioner how his DNA came to be on the windshield, but Petitioner's answer about putting his hand through the passenger window to turn off the truck didn't explain the DNA or where the DNA was actually located. (R. p. 86). Counsel further testified that he had investigated the incident on behalf of Petitioner with a trooper from the reconstruction team, the prosecutor from the Anderson County Solicitor's Office, and the prosecutor from the Attorney General's Office. (R. p. 88). He testified that the problem with the witnesses' statements is that no one actually saw the accident and that the statements were made "as the dust was settling." (R. pp. 88-89). Although it was only admitted for counsel's knowledge and not for the truth of the matter asserted, counsel testified that he was informed that

the passenger door was jammed and would not open, which would account for why counsel did not investigate further the statements about Jones exiting the vehicle from the driver's side. (R. pp. 88-90). He later testified that he never forced Petitioner to enter a guilty plea and would have represented him to the best of his ability at trial if Petitioner had wanted to do that. (R. p. 91). Mr. Godfrey testified that he could not recall telling Petitioner that he had one witness for him, but did recall talking with Petitioner about the DNA evidence. (R. p. 94). He testified that he was aware of Petitioner's statement about reaching into the truck and skinning his head on the windshield, but indicated that he tried to recreate the motion on his own truck and found it to be difficult. (R. p. 96). Mr. Godfrey also testified that he talked to Petitioner earlier than the week before the case was pled out, and that he did not spend as much time with Petitioner as he normally does due to his illness. (R. p. 99). He could not recall if he told Petitioner about the DNA specifics or about what he was told about the passenger door. (R. pp. 99-100). Finally, Mr. Godfrey indicated that Petitioner had privately told him that he was driving the truck during their last meeting. (R. p. 100).

The PCR court found Mr. Godfrey's testimony more credible than Petitioner's and that he had failed to carry his burden under *Strickland.* (R. p. 178). The PCR court found that Petitioner failed to meet his burden of showing (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. Petitioner in his Petition for Habeas, in his Memorandum in Opposition to Summary Judgment, and in his Objections to the R&R essentially makes the same claims and presents the same evidence as Petitioner did in his PCR trial. Given the deferential standard that must be applied to the PCR court's findings, this court is unable to ascertain clear and convincing evidence that Petitioner's attorney fell below an objective standard of reasonableness.

Specifically, as to the first prong of deficient performance, the PCR court found that Petitioner's claim that his counsel did not properly investigate his case and prepare for trial is without merit. The PCR court found that Godfrey conducted a reasonably thorough investigation and was familiar with the important facts of the case—according to his testimony, Godfrey reviewed witness statements and other discovery, conducted his own "tests" of the accuracy of certain facts, studied DNA evidence, and met with Petitioner on at least three occasions. Despite his health issues, the PCR court found that Godfrey was prepared to represent Petitioner at trial, and if Petitioner so desired, was prepared to represent Petitioner at the guilty plea. The PCR court also found that Godfrey testified that he did in fact discuss the witness statements with Petitioner, held that even if Godfrey had not discussed the statements with Petitioner, such statements were, in any event, inconclusive as to who was actually driving the vehicle at the time of the accident. In addition, the PCR court held that the starburst evidence from the driver's side predominates over Petitioner's claims of DNA on the passenger side because evidence of other blood in the truck would be at best ambiguous and such evidence was not introduced into the record. Ultimately, the PCR court concluded that counsel's representation was within the requisite standards for criminal defense attorneys in the State of South Carolina.

In addition, Petitioner failed to prove that prejudice was caused by counsel's alleged deficient performance. Specifically, Petitioner failed to show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985). According to the PCR judge, a review of the transcript suggests that Petitioner would have likely pled guilty despite knowledge of additional evidence, as he specifically stated in the colloquy with the plea Court—when asked, "Are you guilty?" Petitioner responded, "Yes, sir." In addition, the PCR judge noted that at his

guilty plea, Petitioner, of his own free will, stated to the Court and to the victims' families that: ". . . every night when I lay my head down, I can't forgive myself for what I did. It's hard for me to just go on. Sometimes I want to kill myself. I want to tell you I'm so sorry. I apologize. I'm sorry. It was an accident. If I could trade my life for theirs, I would. I'm so sorry for this." (R. p. 180). As such, the PCR judge found that Petitioner failed to prove that anything counsel failed to discover would have caused Petitioner to proceed to trial instead of pleading guilty.

Petitioner has failed to introduce any evidence to rebut the presumption of the correctness of the factual findings by the state court by clear and convincing evidence. Petitioner's arguments and evidence in his petition for habeas and in his memorandum in opposition to summary judgment are identical to the arguments and evidence presented by the Petitioner at his PCR trial. In addition, this court does not find that the state court unreasonably applied *Strickland* to the facts of Petitioner's case. Thus, Petitioner's ineffective assistance of counsel claim is of no merit, and the court dismisses this claim as per the recommendation of the Magistrate Judge's R&R.

### B. Involuntary Guilty Plea

Petitioner also contends that his guilty plea is involuntary because his counsel, Mr. Godfrey, did not show or tell the Petitioner of evidence favorable to his defense. To support this claim, Petitioner asserts the same evidence used to support his ineffective assistance of counsel claim.

Generally, guilty pleas are valid if they are voluntary and intelligent. *Brady v. U.S.*, 397 U.S. 742, 747 (1970). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Pittman v. State*, 524 S.E.2d 623, 624 (S.C. 1999) (citing *Harres v. Leeke*, 282 S.C.

131, 318 S.E.2d 360 (1984)). The record should indicate the defendant was fully aware of the consequences of his guilty plea. *State v. Lambert*, 266 S.C. 574, 225 S.E.2d 340 (1976). When considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether any possible error by counsel was cured by the information conveyed at the plea hearing. *Moorehead v. State*, 496 S.E.2d 415, 416 (S.C.1998).

At the PCR hearing, Petitioner testified that he remembered taking an oath to tell the truth at his guilty plea hearing and that he did in fact plead guilty to the felony DUI charges on that day. (R. pp. 75-76). Petitioner testified he told the judge that he was guilty and agreed to the facts of the case as recited by the Solicitor. (R. p. 76). He indicated that at no time did he object to the facts as presented. (*Id*). Petitioner reiterated to the judge that he was, in fact, guilty of the charges the state was presenting. (*Id*). Petitioner testified that he had no choice but to plead guilty because he didn't know the facts against him, but admitted that he did not raise the issue with the judge. (R.p. 77). Later in the hearing, Petitioner was asked about being the driver of the vehicle:

Q. But you were there when he said that you were the driver, correct?

A. Yes, sir.

Q. And you knew at that moment whether you were or [were] not the driver, correct?

A. Yes, sir.

Q. And you never questioned that, you agreed to that?

A. I'm not the driver, but 15 years sounds a whole lot better than 30 years, and that's the way I looked at it, and that's why I pled, and I didn't know the facts of my case.

Q. So now it's your testimony you took the guilty plea to receive the benefit of a reduced sentence; is that correct?

    A.    Yes, sir.

(R.p. 79). Bill Godfrey testified that he did not force his client to enter a guilty plea and indicated he would have gone to trial and represented him to the best of his ability had Petitioner requested it. (R.p. 91). He also testified that at no time during the guilty plea did Petitioner indicate he felt uncomfortable or that he wanted to change his mind. (*Id*).

    The guilty plea transcript indicates Petitioner fully understood the plea that he was making and the rights he was waiving by doing so. Petitioner repeatedly acknowledged that his plea was voluntary and that nobody was coercing him into pleading guilty. Petitioner understood the charges he was facing and the facts of the case as presented by the solicitor. Petitioner admitted his guilt and indicated that he was satisfied with his attorney's handling of the case. In addressing the court and the victim's families, Petitioner apologized for his actions and indicated he could not forgive himself for what he did.

    Therefore, this Court agrees with the Magistrate's finding that there was a substantial factual basis for the plea and that Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 171 (4th Cir. 1981). This court also notes that pleading guilty in order to avoid a possibly greater sentence "does not necessarily prove that the plea was coerced and invalid as an involuntary act." *Brady*, 397 U.S. at 750. In this case, Petitioner has failed to prove ineffective assistance of counsel in his case. In addition, Petitioner has failed to present any other compelling reasons to overcome the

conclusive nature of the statements that Petitioner made at his plea hearing which facially demonstrate the plea's validity.

### C. Petitioner's Objections to the Magistrates Report and Recommendation

The majority of the Petitioner's objections to the R&R relate to the PCR judge's findings of fact and law as enumerated in the Magistrate Judge's R&R. All of Petitioner's objections essentially reiterate the arguments that Petitioner has already made in front of the PCR judge, in his Petition for Habeas Corpus, and in his Memorandum in Opposition to the Motion for Summary Judgment.

Petitioner's first objection is to the finding of the PCR judge that "Petitioner testified that if he had known about several witness statements and alleged DNA evidence found on the passenger side air bag of the truck, he would not have pled guilty and would have proceeded to trial;" however, "a review of the guilty plea transcript strongly suggested otherwise." (R&R p. 6; R. p. 180). Petitioner's objects that the PCR judge should not have considered the guilty plea transcript in Petitioner's claims for ineffective assistance of counsel and involuntary plea because at the time the plea was entered into the Petitioner was not aware of evidence that was favorable to his defense. This objection is without merit. When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Pittman v. State*, 524 S.E.2d 623, 624 (S.C. 1999) (citing *Harres v. Leeke*, 282 S.C. 131, 318 S.E.2d 360 (1984)). In addition, when considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether any possible error by counsel was cured by the information conveyed at the plea hearing. *Moorehead v. State*, 496 S.E.2d 415,

416 (S.C. 1998). Thus, Petitioner's objection has no merit as it was appropriate for both the PCR and Magistrate judge to consider the plea transcript in evaluating the Petitioner's claims.

In his second objection, Petitioner objects to one of the PCR court's findings of fact contained in the R&R that states that "even if he [Godfrey] had not discussed the statements with Petitioner, such statements were, in any event, inconclusive as to who was actually driving the vehicle at the time of the accident." (R&R p. 7; R. p. 180). Petitioner argues that the statements clearly state the witnesses never lost eye contact with the taillights of the truck and that all the statements say they saw Chris Jones exit the driver side of the truck and Petitioner exit the passenger side. A review of the statements reveals otherwise. Only one witness stated that they observed Petitioner getting out of the passenger side of the vehicle while Christ Jones was standing on the driver's side. (R. pp. 115-19, 137-38, 176-77). Two of the witnesses gave statements about the truck's erratic driving prior to the accident and mentioned nothing about the accident itself. The other witnesses observed Chris Jones getting out of the driver's side of the truck; however, these witnesses either did not indicate where Petitioner was at the time or only indicated that Petitioner was already out of the truck. There are no witnesses who actually stated that they observed Chris Jones driving prior to the accident. The court agrees with the PCR's finding of fact that these statements were inconclusive as to who was actually driving the vehicle, and the statements do not provide clear and convincing evidence that Petitioner was not the driver. Therefore, this court finds this objection is without merit.

In his third objection, Petitioner objects to the PCR judge's finding that "the starburst DNA evidence was apparently such strong evidence that it prompted the solicitor to prosecute Petitioner rather than Jones, even though it was over three years after the accident and it created a conflict of interest with the solicitor's office." (R. p. 181). In his objection, Petitioner attempts

to raise the same explanation for the presence of the starburst DNA evidence as he raised before the plea negotiations and in his PCR hearing. Petitioner contends that his blood got on the driver's side windshield when he placed his cut hand on the windshield after the accident. While Petitioner's theory is plausible, it does not prove that Petitioner was not the driver of the vehicle. Petitioner does not offer clear and convincing evidence to overcome the findings of fact by the PCR judge. In addition, Petitioner's guilty plea has already been deemed voluntary and valid in case. Therefore, this objection is without merit.

### III. Faulty Indictment Claim

Petitioner also alleges, in his June 17, 2008 memorandum in support of his petition, that the Felony DUI indictments were faulty because Petitioner's blood alcohol level of 0.06 was below the legal limit.[3] The R&R finds that Petitioner's faulty indictment claim is procedurally barred from being brought in this court, and this Court agrees and adopts and incorporates the R&R's analysis into this Order. Petitioner did not raise this issue before the trial court; therefore, this issue was not preserved as a freestanding issue for direct appeal. *State v. Bradley*, 209 S.E.2d 435, 436 (S.C. 1974). Petitioner also did not file a direct appeal, so he did not even attempt to present this issue in a direct appeal, nor did he raise it as a claim in his PCR. However, the R&R indicates that federal habeas review of this claim would still be appropriate if Petitioner could show cause and prejudice, or actual innocence. *See Wainwright v. Sykes,* 433 U.S. 72 (1977); *Wayne v. Murray,* 884 F.2d 765, 766 (4th Cir. 1989), *cert. denied,* 492 U.S. 936 (1989).

In this case, Petitioner is unable to show cause for the default and prejudice, or actual innocence. In his memorandum in opposition, Petitioner claims that his trial counsel was

---

[3] Petitioner did not set forth this issue as a separate ground in his Petition; however, he did address it in his supporting attachments, the Respondents addressed it, and the Petitioner also referenced it in his memorandum in opposition to summary judgment. Therefore, out of an abundance of caution, the Court will address this issue.

ineffective for failing to inform him that the Felony DUI charges were faulty indictments. However, a claim of ineffective assistance asserted as a cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000) (quoting *Murray v. Carrier,* 477 US at 489); *see also Frasier v. Maschner*, 304 F.3d 815, 817 (8th Cir. 2002)("[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts'"). Petitioner did not present this claim of ineffective assistance of counsel to the PCR court or pursue it in his PCR appeal. Thus, it cannot be used as a cause for his procedural default of this claim.

Alternatively, Petitioner has failed to meet his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered. *Wainwright v. Sykes,* 433 U.S. 72 (1977). The R&R judge states that to prevail under an actual innocence theory, the Petitioner must produce new evidence that was not available at trial to show his factual innocence, and that Petitioner has failed to do so. See *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999). In his fourth objection, Petitioner objects to the R&R's analysis of the actual innocence theory by alleging that the evidence he has proffered is new and was new to him after the guilty plea and that it shows actual and factual innocence. Petitioner argues that his felony DUI indictment was faulty because his BAL was 0.06 which was under the legal intoxication standard of 0.10 in place at the time. At Petitioner's guilty plea, the state addressed the issue:

> Concerning his blood alcohol, when he was taken to the hospital they did draw some blood from Mr. Eades. Some three hours after the incident is when they drew the blood. At that time his blood registered at a point 06. SLED was going to testify in this trial that based on his size, weight, the absorption of alcohol in the body that at the time of this incident his blood alcohol would have exceeded the

legal limit of .1. So he was intoxicated at the time this incident occurred. It had dissipated in his body within the three hours.

(R. p. 14).

Further, Petitioner admitted to having consumed a half bottle of gin within an hour of the accident. (R. p. 15). At the PCR hearing, Petitioner admitted to having been "too drunk to drive" at the time of the accident. (R. p. 62). Petitioner has provided no evidence that he was not intoxicated at the time of the accident in support of this claim. Petitioner has not provided evidence sufficient to show that he did not commit the Felony DUI. As the R&R notes, Petitioner has not met his burden of showing actual innocence. Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." *United States v. Mikalajunas*, 1 86 F.3d 490, 494 (4th Cir. 1999). Petitioner has not done so in this case and therefore this court finds this claim is without merit. The court acknowledges the evidence provided, but weighed against the valid guilty plea, it is not enough to prove actual innocence. Thus, this objection is without merit.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Respondent's Motion for Summary Judgment be **GRANTED** and that Petitioner Travis Eades's Petition be **DISMISSED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 8, 2009**
**Charleston, SC**